**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER (AMENDED)** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:13-cr-184-4 |
| James Cody Mossett II, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant is charged in a superseding indictment with the following offenses: distribution of methamphetamine (Count One); distribution of heroin (Count Two); conspiracy to distribute and possess with intent to distribute methamphetamine (Count Three); and conspiracy to distribute and possess with intent to distribute heroin (Count Four). He has been ordered detained pending trial. He is currently being housed at the Stutsman County Correctional Center in Jamestown, North Dakota.

On March 10, 2014, defendant filed a Motion for Temporary Release. He asks to be released to the custody of his parents for the limited purpose of attending a chemical addiction evaluation at the Heartview Foundation ("Heartview") in Bismarck, North Dakota. Defense counsel has advised that the evaluation is currently scheduled for March 12, 2014, at 12:30 p.m.

There being no objection from the Government, the court grants defendant's motion (Docket No. 43) and **ORDERS** that defendant be released subject to the following conditions:

(1) Defendant shall be released to the custody of his parents no earlier than 8:30 a.m. on March 12, 2014, for transport to his evaluation at Heartview in Bismarck.

(2) If, following the evaluation, Heartview determines that inpatient treatment is not

appropriate or it otherwise has no bed space immediately available for defendant, defendant's parents shall immediately return him to the Stutsman County Correctional Center.

(3) Should defendant be immediately admitted by Heartview into an inpatient treatment program, he shall be allowed continued release to attend, participate, and complete the treatment program.

(4) If admitted to an inpatient treatment program, defendant shall immediately contact the United States Probation Office in Bismarck to advise it of his admission, report to the supervising probation officer as directed, and sign any necessary releases so that the supervising probation officer can monitor defendant's progress in the treatment program

(6) If admitted, and upon successful completion of the residential portion of the inpatient treatment program, defendant shall immediately report to the pretrial services office before any change of address is made so it may evaluate the appropriateness of her proposed living arrangements.

(7) If, after the completion of the inpatient treatment program, the supervising probation officer determines defendant is in need of placement in a residential facility, defendant shall voluntarily report to the designated facility as directed by the supervising probation officer, cooperate with the facility's rules and regulations, participate in all recommended programming, and not leave the facility without prior permission of the supervising probation officer.

**IT IS SO ORDERED.**

Dated this 11th day of March, 2014.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court